IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

**Connie Aparcedo,**    )
       **Plaintiff,**    )
           )
       v.    )    No. 16 C 1927
           )
           )    Judge Ronald A. Guzmán
**Life Time Fitness, Inc.,**    )
       **Defendant.**    )

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, Ernesto Aparcedo's motion to dismiss the third-party complaint [31] is denied.

## STATEMENT

Plaintiff filed suit in the Circuit Court of Cook County for injuries she sustained when she slipped in the hot tub at a Life Time Fitness, Inc. ("LTF") facility, which then filed a third-party complaint against Ernesto Aparcedo for indemnification. Ernesto moves to dismiss the third-party complaint for failure to state a claim. For the reasons stated below, the motion is denied.

On January 9, 2014, Plaintiff was a member of LTF pursuant to the Membership Application and Agreement signed her husband, Ernesto Aparcedo, on November 14, 2004. The Membership Application and Agreement contains the following provision:

Assumption of Risk, Release, and Indemnity

The use of the facilities at the Club naturally involves the risk of injury, whether the undersigned or someone else causes it. As such, the undersigned agree that he or she understands and voluntarily accepts this risk and agrees that the club will not be liable for any injury, including and without limitation, personal, bodily or mental injury, economic loss or any damage to the undersigned, the undersigned's spouse, guest or relatives resulting from the negligence or other acts of the Club or anyone else using the facilities. *If there is any claim by anyone based on any injury, loss, or damage described herein, which involves the undersigned, any other member under this Agreement, any of the undersigned's non-member children or any guest or child which the undersigned or any member under this Agreement has brought to the club facilities, the undersigned agrees to (a) defend the Club against such claims and pay the club for all expenses relating to the claim, and (b) indemnify the Club for all obligations resulting from such claims.*

(Mot. Dismiss Third-Party Compl., Ex. A, Membership App. & Agreement, Dkt. # 31-1, at Page 2 of 3) (emphasis added). LTF alleges that despite the provision quoted above and its having tendered the defense to Ernesto, he has failed to provide LTF with defense or indemnity. LTF asks that if judgment is entered in favor of Plaintiff, the full amount of any judgment rendered on her behalf plus attorneys' fees and costs and expenses be entered in favor of LTF and against Ernesto.

Ernesto argues that LTF has failed to state a claim because its request for indemnification is against public policy, was not a negotiated provision, and "would require [Ernesto] to reimburse Lifetime for a condition over which he had no responsibility or control." (Reply, Dkt. # 40, at 4.) In Illinois, "an indemnity contract will not be construed as indemnifying one against his own negligence, unless such a construction is required by clear and explicit language of the contract . . . or such intention is expressed in unequivocal terms." *BNSF Ry. Co. v. Gilster-Mary Lee Corp.*, No. 15-CV-250-JPG-SCW, 2016 WL 3548453, at *3 (S.D. Ill. June 30, 2016) (quoting *Westinghouse Elec. Elevator Co. v. La Salle Monroe Bldg. Corp.*, 70 N.E.2d 604, 607 (Ill. 1946)).

Based on the contract language quoted above, the Court does not conclude as a matter of law that the indemnification provision cannot be construed as indemnifying LFT against its own negligence. To the extent that Ernesto contends that it was not a negotiated provision, that inquiry is improper at this stage of the litigation. Ernesto's additional assertion that the provision is ambiguous is unavailing as it was raised for the first time in his reply brief. *See Eberhardt v. Brown*, 580 F. App'x 490, 491 (7th Cir. 2014) (parties waive arguments that they raise for the first time in a reply brief). Further, his citation to *McNiff v. Millard Maint. Serv. Corp.*, 715 Ill. N.E.2d 247, 250 (Ill. App. Ct. 1999), in support contains no quotation of the contractual provision at issue in that case, so any analogy between this case and *McNiff* is simply undeterminable.

Ernesto's motion to dismiss the third-party complaint for failure to state a claim is denied.

**Date:** October 6, 2016

_____
**Ronald A. Guzmán
United States District Judge**